EDWIN L. BUCK v. GEORGE W. MONKS and Another.[2]

November 6, 1908.

Nos. 15,840—(84).

Action in the district court for Blue Earth county to determine adverse claims to two lots of land. The facts are stated in the opinion. The case was tried before Cray, J., who found that plaintiff was the owner in fee simple

[1] Reported in 117 N. W. 1125.     [2] Reported in 118 N. W. 1118.

of the land described and ordered judgment in his favor. From the judgment entered pursuant thereto, defendants appealed. Affirmed.

A. R. Pfau, Jr., and C. J. Laurisch, for appellants.

Thomas Hughes and Evan Hughes, for respondent.

PER CURIAM.

Respondent claims to be the owner of the strip of land in controversy, and that it constitutes a part of lots 4 and 5, of North Row Van Brunt's addition to Mankato, and further contends that, if there is any doubt that the strip is a part of those lots, then that he has acquired title by adverse possession. Appellants claim that the contested strip does not constitute a part of the lots mentioned, and that the only point in dispute is the location of the original meandered line between the lots and the marsh lying immediately to the north thereof. The trial court found that respondent is the owner of the disputed tract, that appellants have no right, title, or interest therein, and that the strip in question is included within the lots. The only question on this appeal is whether the evidence supports the findings of the trial court.

It is undisputed that for more than forty years respondent and his grantors were in possession of the disputed tract, and improved the same in connection with and as a part of lots 4 and 5; that a barn was located upon part of the strip, and during all that time the whole thereof was inclosed by a fence. The evidence is conclusive that such possession was actual, open, continuous, hostile, positive, and accompanied by an intention to claim adversely. It follows that respondent acquired title by adverse possession, conceding that there was some ground for dispute as to the location of the original meandered line. We are of opinion, however, that the evidence sustains the finding of the court that the strip in controversy constituted in fact a part of lots 4 and 5.

Affirmed.